JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA DICKINSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>COMERICA BANK; and DOES 1 through 20,<br><br>    Defendants. | Case No. 5:21-cv-00566-JWH-SPx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT [ECF No. 12]** |

Before the Court is the motion of Plaintiff Theresa Dickinson to remand this action to state court.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

## I. BACKGROUND

Dickson, individually and on behalf of all others similarly situated, commenced this action on December 28, 2020, in San Bernardino County Superior Court.[3]  In her Complaint, Dickinson asserts the following two claims for relief:  (1) Breach of Contract, including Breach of the Implied Covenant of Good Faith and Fair Dealing; and (2) Violation of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*.

Dickinson served Defendant Comerica Bank with the Complaint and Summons on March 1, 2021.[4]  Comerica removed the action to this Court on March 31, 2021, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5]

Dickinson filed the instant Motion on April 23, 2021.  Comerica opposed on May 7, and Dickinson replied on May 14.

---

[1] Pl.'s Mot. to Remand to State Ct. (the "Motion") [ECF No. 12].  Unless otherwise indicated, citations to the Motion herein refer to Plaintiff's Memorandum of Points and Authorities in Support of the Motion [ECF No. 12-1].

[2] The Court considered the following papers in connection with the Motion:  (1) the Motion (including its attachments); (2) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 14]; and (3) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 15].

[3] *See* Def.'s Notice of Removal (the "NOR") [ECF No. 1]; Pl.'s Compl. (the "Complaint") [ECF No. 1-3].

[4] Decl. of Susan C. Nystrom in Supp. of the NOR (the "Nystrom Decl.") [ECF No. 1-1] ¶ 4.

[5] *See* NOR 2:18–27.

## II. LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the parties are completely diverse and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is necessary only "when the plaintiff contests, or the court questions, the defendant's allegation." *See id.* "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds" the jurisdictional amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

## III. DISCUSSION[6]

Comerica removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. Under 28 U.S.C. § 1332(a)(2), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[6] Comerica's first contention in its Opposition is that Dickinson failed to engage in any meaningful conference of counsel before filing the instant Motion. Dickinson's counsel disputes Comerica's contention. Based upon the declarations of counsel for the respective parties, it does not appear that Dickinson's counsel engaged in a thorough discussion of the Motion, as required by L.R. 7-3. However, because there was at least some conference of counsel, and in view of the urgency of the Court's determination of subject matter jurisdiction, the Court will consider the Motion on the merits.

interest and costs" if the action is between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."

  There is no dispute that there is complete diversity among the parties.[7] Indeed, Dickinson states that she is a "resident of San Bernardino County, California"[8] and that Comerica is incorporated in the State of Texas where it maintains its principal place of business.[9] Accordingly, there is complete diversity between Dickinson and Comerica.

  Dickinson's principal contention is that Comerica has not sustained its burden to prove that the amount in controversy exceeds the $75,000 jurisdictional threshold.[10] Comerica responds that based upon Dickinson's allegation that her damages exceed $25,000, her claim for attorneys' fees, as well as the amount of attorneys' fees that Dickinson's counsel recovered in similar cases, the amount in controversy exceeds the jurisdictional threshold.[11] The Court is not persuaded.

  The bulk of Comerica's calculation of the amount in controversy is based upon attorneys' fees.[12] This Court has discretion to include attorneys' fees in its calculation of the amount in controversy. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1988) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may

---

[7] Opposition 7:6–7.
[8] *See* Complaint ¶ 11.
[9] *See* Nystrom Decl. ¶ 3.
[10] *See* Motion 6:15–10:3; Reply 4:14–7:14.
[11] *See* Opposition 8:1–14:9.
[12] *See id.* at 9:23–14:9.

be included in the amount in controversy"). Here, Dickinson seeks an award of attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5.[13] That statute states, in pertinent part: "Upon motion, a court ***may*** award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest . . .," provided that certain requirements are met. Cal. Civ. Proc. Code § 1021.5 (emphasis added). Because the statute is couched in discretionary—as opposed to mandatory—terms, *cf. Fritsch v. Swift Transportation Co. of Arizona LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (citing Cal. Lab. Code § 218(a) under which an award of attorneys' fees is mandatory), even if Dickinson ultimately prevails it is unclear whether she will be awarded attorneys' fees in this case. As such, Comerica's reliance on an award of attorneys' fees is speculative. *See Wood v. Charter Commc'ns LLC*, 2020 WL 1330640, at *2 (C.D. Cal. Mar. 21, 2020) (to similar effect).

Nor is the Court persuaded by Comerica's arguments regarding the amount of damages.[14] Those arguments are based, at least in part, on a distorted reading of Dickinson's Complaint, and they are speculative. At best, Comerica's arguments establish that Dickinson is seeking damages "in excess of $25,000,"[15] but there is no evidence that Dickinson's claimed damages exceed the $75,000 jurisdictional threshold.

Accordingly, Comerica has failed to sustain its burden to prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold. *Singer*, 116 F.3d at 376.

---

[13]    *See* Reply 6:23–26.
[14]    *See* Opposition 7:15–9:22.
[15]    *See id.* at 8:1–16.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff Theresa Dickinson's instant Motion to Remand is **GRANTED**. This action is **REMANDED** to the San Bernardino County Superior Court.

**IT IS SO ORDERED.**

Dated: July 19, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE